530 P.2d 410

**RUNCO ACIDIZING AND FRACTURING CO., INC., Appellant,**

v.

**BUREAU OF REVENUE, Appellee.**

**No. 1473.**

Court of Appeals of New Mexico.

Dec. 11, 1974.

 

Gerald A. Lewis, C. Fincher Neal, Neal & Neal, Hobbs, for appellant.

David L. Norvell, Atty. Gen., Jan E. Unna, Bureau of Revenue, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

Runco (Runco Acidizing and Fracturing, Inc.) supplies chemicals and reagents to oil companies for their use in drilling oil wells. The Bureau of Revenue assessed a gross receipts tax on receipts derived from supplying these materials. Runco protested. Its protest was denied by the Commissioner of Revenue. Runco appeals. Section 72–13–39, N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, Supp.1973). Runco asserts it was entitled to the deduction authorized by § 72–16A–14.21, N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, Supp.1973). The right to the deduction depends on when Runco sold the materials.

Section 72–16A–3(B), N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, Supp.1973) states: "'buying' or 'selling' means any transfer of property for consideration or any performance of service for consideration."

The pertinent portion of § 72–16A–14.21, supra, states: ". . . receipts from selling chemicals or reagents in lots in excess of eighteen [18] tons may be deducted from gross receipts."

Runco bids to supply chemicals and reagents to particular wells. If Runco's bid is accepted, the oil company issues a purchase order for the requirements of a particular well. The materials are delivered as needed because the exact requirements of any well are not known in advance. Runco invoices the company only for materials delivered and refunds the price of any materials delivered but not used.

The gross receipts in question were for chemicals and reagents delivered pursuant to purchase orders. No single delivery nor any single day's delivery amounted to eighteen tons or more. To reach lots in excess of eighteen tons, Runco would combine all

deliveries made pursuant to a purchase order. Runco's contention is that when it received a purchase order it had "sold that job"; in effect, that the purchase order amounted to a sale of all chemicals and reagents subsequently delivered to a particular well.

Although there is evidence supporting Runco's contention, there is conflicting evidence. Purchase orders are to the effect that Runco was to deliver the chemicals and reagents "as requested" or "as may be released" by authorized representatives of the oil companies. One contract states:

"It is understood between the parties hereto that no performance is required hereunder except after receipt by CONTRACTOR [Runco] of specific instructions . . . this Blanket Service Contract serving only to establish the terms and conditions of performance pursuant to any such instructions. Each set of instructions shall be deemed a separate contract and transaction."

The wording of the purchase orders and contract, together with evidence that Runco invoiced only for chemicals and reagents delivered to a well and retained payment only for what was used, supports the inference that the purchase order was not a transfer for consideration and therefore not a sale.

More than one inference can be drawn from the evidence. Accordingly, the Commissioner's decision that the sale occurred when the chemicals and reagents were delivered to the well is binding. Archuleta v. O'Cheskey, 84 N.M. 428, 504 P. 2d 638 (Ct.App.1972).

Runco contends the Legislature intended § 72–16A–14.21, supra, to apply to purchase orders. In support of this claim, Runco introduced evidence of a former state senator as to what was intended when § 72–16A–14.21, supra, was enacted. We do not reach the question of whether this evidence could properly be considered on the issue of legislative intent.

Legislation is to be read and given effect as written. If the words used are plain and unambiguous, there is no room for construction. Only where there is ambiguity do the courts interpret a statute for the purpose of determining legislative intent. State v. McHorse, 85 N.M. 753, 517 P.2d 75 (Ct.App.1973) and cases therein cited. The words used in § 72–16A–14.21, supra, are not ambiguous, thus there is no issue of legislative intent.

The issue in this case was when Runco sold the chemical and reagents. This issue was determined on the facts. There being substantial supporting evidence, the Commissioner's decision and order are affirmed.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.